IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Arrigoni Enterprises LLC,<br>　　　　　Plaintiff | Case No. 3:08CV520<br>Sr. U.S. District Judge James G. Carr |
| v. | **AMENDED ORDER** |
| Town of Durham, Durham<br>Planning & Zoning Commission,<br>and Durham Zoning Board of<br>Appeals, | |
| 　　　　　Defendants. | |

Carr, J.[*]

This is a class of one lawsuit in which the owner of property in Durham, Connecticut claims that defendants, responsible for zoning decisions in the town, treated him differently than they did other similarly situated property owners.

During trial, defendants requested that I charge the jury that, to prevail, plaintiff must prove, among other elements, that defendants' denial of plaintiff's application to implement its site plan for the property was a non-discretionary decision. I denied that request in a short order, which this order explains and confirms.

**Background**

---

[*] James G. Carr, Sr. U.S. District Judge, N.D. Ohio, sitting by designation.

As plaintiff's response to defendants' original request pointed out, Chief Judge Thompson has already decided this issue against the defendants in his ruling on defendants' summary judgment motion. (Doc. 94). That decision is the law of this case.

As, if not more, importantly, the circumstances in this case differ markedly from those in *Enquist v. Oregon Dept. of Agr.*, 553 U.S. 591 (2008), on which defendants rely, and its progeny.

In that case, the Supreme Court indicated that a class of one plaintiff claiming unequal treatment *vis-a-vis* loss of employment could prevail only where the decision to fire him was non-discretionary. *Id.* at 603. There, moreover, the government, in terminating the at will plaintiff employee, acted in a proprietary capacity, and not, as here, in a regulatory capacity. *Id.* at 598 (noting the "unique considerations applicable when the government acts as employer as opposed to sovereign[.]"). This, alone, is enough of a distinction to reject limitation of a class of one action to the non-discretionary decision at issue in this case.

In *Fortress Bible Church v. Feiner*, 694 F.3d 208 (2d Cir. 2012), the Second Circuit provided further support for my reading of *Enquist*. Like this case, *Fortress Bible* involved "a longstanding land-use dispute" between the plaintiff and the defendant town and its officials. *Id.* at 212. Rejecting the view of *Enquist* on which defendants based their request that I add a "non-discretionary decision" to the elements of plaintiff's claim, the court in *Fortress Bible* pointed out that "the Town was acting in its regulatory capacity as a sovereign rather than as a proprietor; it was making decisions about the way in which property owners could use their land." *Id.* at 222.

The court in *Fortress Bible* cited its earlier decision in *Analytical Diagnostics Labs, Inc. v. Kusel*, 626 F.3d 135 (2d Cir. 2010), which noted that, as here, the licensing authority "did not have complete discretion because it operated within a regulatory framework, held a mandatory hearing,

and its decision could be challenged under" state law. *Fortress Bible*, 694 F.3d at 222 (citing *Analytical Diagnostics*, 626 F.3d at 135).

Other courts imposing a non-discretionary decision element on class of one plaintiffs likewise have done so where the decision at issue was purely, or almost purely, discretionary. These cases have involved the police power, prosecution, expulsion from school, or restrictions on individual conduct. In these instances, the governmental decision-maker cannot arrest all speeders, prosecute all lawbreakers, *U.S. v. Moore*, 543 F.3d 891, 901 (7th Cir. 2008), free all inmates who may subjectively appear ready for release, *Adams v. Meloy*, 287 F. App'x 531, 534 (7th Cir. 2008); *Saoj-Pao v. Connolly*, 564 F. Supp. 2d 232, 245 (E.D.N.Y. 2008), or expel all pupils who misbehave, *Bissessu v. Indiana Bd. of Trustees*, 2008 WL 4274451, *9 (S.D. Ind.). *See also Crippin v. Town of Hempstead*, 2009 WL 803117, *6 (E.D.N.Y.) (collecting cases).

The policy underlying the refusal to allow a class of one claim by a plaintiff subjected to entirely discretionary action is clear: namely, to do otherwise would create a constant risk of being sued for all to whom the law properly and necessarily grants broad and nearly unconstrained discretion. Police, prosecutors, parole board members, and school administrators simply could not function under such circumstances.

The issue here differs, in any event, from the issue in those situations. This case involves a request for permission to use land, rather than an action to enforce a prohibition against impermissible conduct (or, with respect to a parole board, maintain, for penological purposes, the *status quo*).

To be sure, the decision whether to allow particular use of land involves a degree of discretion. But the extensive and detailed regulatory scheme under which the defendants operate

constrains the exercise of that discretion. That regulatory framework provides that if the defendants, after first taking into account subjective, discretionary factors (such as the impact on nearby properties), find the applicant to have met enumerated conditions, then they must grant permission to the landowner to use its land for the desired purposes.

In a word, discretion in this context is channeled, rather than free-flowing and unconstrained. This differs from the circumstances which exist when a police officer or prosecutor, despite the existence of probable cause, decides not to arrest, file charges, or seek an indictment. In that situation, a similarly situated person whom an officer arrests or a prosecutor charges cannot complain that any inequality in treatment gives rise to a class of one equal protection claim. Such a rule derives inexorably from *Enquist*.

Here, in contrast, discretion is, though important, only part of the decision. It is neither unfettered, exclusive, nor determinative.

The primary concern of *Enquist* is that every disgruntled subject of purely discretionary decisions not be allowed to haul government officials into court for purely discretionary actions. *Enquist* allows those empowered to act to do so without fear of being sued when they otherwise abide by the constraints of the law and their authority. Where, as with the zoning decisions at issue here, an elaborate regulatory framework guides and largely controls the outcome, though the exercise of discretion affects the outcome as well, the concerns of *Enquist* are not applicable.

The law, moreover, already provides ample protection for the defendants and other governmental officials and the governmental entities who operate within a regulatory framework and in a regulatory capacity. As the jury's defense verdict in this case shows, a class of one plaintiff

has to meet a very high, indeed, nearly insurmountable standard of unequal treatment. Even if it does so, it must show that any unequal treatment, though shown, had no rational basis whatsoever.

These are difficult demands.

The rational basis requirement gives broad latitude to, while also imposing a restraint on, zoning officials to determine what, within the regulatory framework, is in the best interest of the public. But they cannot employ that discretion in an arbitrary or capricious – *an irrational* – manner. If they fail to root their decision firmly in a legitimate governmental interest, they will be accountable to the landowner. That requirement protects both the landowner and the officials who pass on its application.

This distinguishes this situation from that of the police officer who arrests, prosecutor who charges, parole official who confines, principal who suspends, or employer who fires one individual rather than another. None of those officials can, and thus need not, point to a legitimate governmental interest, other than the grant to them of the power to exercise their discretion, to avoid class of one liability. For those officials many inchoate, and usually varied and often unpredictable factors affect their judgment. That is why they have, and properly so, unlimited discretion under *Enquist vis-à-vis* a putative class of one plaintiff.

I declined, accordingly, to incorporate as an element in this case that the plaintiff prove the defendants acted in a non-discretionary capacity when they denied its applications. To impose that requirement in this context would mean, in real world terms, that no one in plaintiff's position could seek redress under the Equal Protection Clause. It would leave officials like those in this case free to deny any person's request to use land in an otherwise lawful – and publicly useful, rather than disruptive – manner, simply because they did not like him, or better liked the property owner next

door or across the street. Real equal protection claims would, in such circumstances, be left unredressed.

That is not what the Fourteenth Amendment requires or allows in my view.

It is, therefore,

ORDERED THAT my prior order declining to require plaintiff to prove, as an element of its class of one equal protection claim, that the defendants' decision was non-discretionary be, and the same hereby is confirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge